IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE FRANK WRIGHT, JR,

                              Plaintiff,                       OPINION and ORDER

    v.

                                                                    19-cv-640-wmc

WEST BEND,

                              Defendant.

---

*Pro se* plaintiff Willie Frank Wright, Jr., filed this lawsuit, contending that defendant West Bend, a fan company, manufactured a dangerous fan and failed to warn about the risk that it might burn consumers. He alleges that on July 13, 2019, his fan was smoking, and when he unplugged it, he was shocked and he burned his thumb. Wright requests leave to proceed without prepayment of the filing fee, but he has "struck out" under 28 U.S.C. § 1915(g).[1]

Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals filed while incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[2] The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C.

---

[1] Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. *See Wright v. Massey*, 5:11-cv-491-MTT (M.D. Ga. Dec. 28, 2011) (dismissed for failure to state a claim); *Wright v. Hicks*, 5:10-cv-246-MTT (M.D. Ga. 2010) (dismissed as frivolous); *Wright v. Shelton*, No. 5:10-cv-246-MTT-CWH (M.D. Ga. July 16, 2010) (dismissed as frivolous).

[2] The statute does not limit the type of civil actions to only those filed against prison officials.

§ 1915(g). To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). "Allegations of past harm do not suffice" to show imminent danger. *Ciarpaglini*, 352 F.3d at 330.

Here, Wright's allegations concern one past incident in which his fan was smoking and there is no suggestion that he is currently at risk of serious physical injury. Therefore, since plaintiff has not alleged that he is in imminent danger of serious physical injury, he cannot proceed with this case without paying the full $400 filing fee. The court will dismiss this case without prejudice. If Wright submits the $400 fee by the deadline set below, the court will reopen the case.

## ORDER

IT IS ORDERED that:

1. Plaintiff Willie Wright Jr. is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Wright submits the $400 filing fee by September 9, 2019.

Entered this 19th day of August, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge